UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMONTE ROBERSON,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>LOMPOC FEDERAL PRISON, ET AL.,<br><br>　　　　　　　Defendants. | Case No. 2:20-00987 CJC (ADS)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PAY FILING FEES AND COMPLY WITH COURT ORDERS** |

I. **INTRODUCTION**

On January 30, 2020, Plaintiff Damonte Roberson ("Plaintiff"), a prisoner then residing at United States Penitentiary – Lompoc proceeding pro se, filed a civil rights Complaint without paying the filing fee or filing an application to proceed *in forma pauperis*. [Dkt. No. 1]. On February 3, 2020, the Court issued an Order Regarding Failure to Pay Fees or File IFP Request, instructing Plaintiff to either pay the filing fees, file an *in forma pauperis* ("IFP") request, or show cause why he is unable to do so by

March 4, 2020. [Dkt. No. 4]. Plaintiff was specifically warned that failure to timely respond to the Court's Order would result in dismissal of this case. To date, Plaintiff has not made any payment or filed any response.

## II. **DISCUSSION**

Dismissal of this action is warranted due to Plaintiff's failure to pay filing fees and comply with court orders. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). The Court weighs the following factors when determining whether to dismiss an action for failure to comply with a court order: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Pagtalunan, 291 F.3d at 642.

Here, the first, second, third, and fifth factors weigh in favor of dismissal. First, Plaintiff has failed to respond to the Court's February 3, 2020 Order. This failure to comply with court orders has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Second, Plaintiff has failed to rebut the presumption that defendants have been prejudiced by this unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)). Third, there is no less drastic sanction available as the

Court explicitly warned Plaintiff that the case would be dismissed. Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Finally, although the fourth factor always weighs against dismissal, here Plaintiff's failure to discharge his responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits. Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Having weighed these factors, the Court finds that dismissal of this action without prejudice is warranted.

**III.   CONCLUSION**

Accordingly, this action is dismissed without prejudice for failure to pay filing fees and comply with court orders. Judgment is to be entered accordingly.

**IT IS SO ORDERED**.

Dated:  April 7, 2020

_____
THE HONORABLE CORMAC J. CARNEY
United States District Judge

Presented by:

_____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge